```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| PATRICK TOUSSAINT,           : | |
| :  | |
| Plaintiff                    : | |
| :  | CIVIL NO. 1:CV-05-0913 |
| vs.                          : | |
| :  | (Judge Caldwell) |
| SUPERINTENDENT EDWARD KLEM,  : | |
| *et al.*,                    : | |
| :  | |
| Defendants                   : | |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Toussaint, a state inmate, commenced this civil rights action on May 5, 2005. Since then he has filed two amended complaints. On January 20, 2006, the Court directed service of the amended complaint (Doc. 25) on the named defendants. (Doc. 32). To date, Defendants have not filed a response to the amended complaint. Toussaint is proceeding *in forma pauperis*.

Presently pending before the Court is Toussaint's second and third motions for appointment of counsel (docs. 36 and 37). We denied an earlier request for counsel, *inter alia*, because it was filed prior to the Court's receipt of his amended complaint and had not yet been screened pursuant to 28 U.S.C. § 1915. His present requests for counsel are very similar to his previous

-1-

request.  Toussaint's current motions are premised on his indigent status, and because he is "a native of Haiti" with limited knowledge of the law.  (Doc. 36).  He adds that he is now confined in the Restricted Housing Unit ("RHU") which greatly limits his ability to litigate his claims.  (*Id.*)  He contends his institution's RHU mini law library is inadequate.  Toussaint also claims to have attempted to contact a private legal firm asking their assistance in representing him in this matter and has yet to receive a response.  He also notes he has contacted the United States Commission on Civil Rights regarding representing him and has not received a response from them.  For the following reasons, Toussaint's request, at this point in the litigation, will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court does have broad discretionary power to request counsel accept an appointment under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  In *Tabron*, the Third Circuit announced the factors to be considered by a district court in deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case.

Initially, the *Tabron* court noted that "the district court must consider as a threshold matter the merits of the

plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointment of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id*. Further, under *Tabron*, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues"; "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. *Id*. at 156, 157 n.5; *see also Montgomery v. Pichak*, 292 F.3d 492, 499 (3d Cir. 2002). Moreover, the *Tabron* court held that the "appointment of counsel . . . may be made at any point in the litigation and may be made by the district court *sua sponte*." *Id*. at 156. Finally, the *Tabron* court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n.6,

and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is extremely valuable.  Hence district courts should not request counsel under § 1915(d) indiscriminately.  As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id*. at 157.

Applying the relevant *Tabron* factors to Toussaint's second request, we find that he has failed to present special circumstances which would justify the appointment of counsel at this point.  Initially, it must be noted that this case is in the very early stages of litigation.  Defendants have yet to respond to or challenge the legal sufficiency of Plaintiff's claims.  The Court is not inclined to appoint counsel when the legal merit of Plaintiff's action may be in question.  We will be in a better position to accurately assess the factual and legal bases of Toussaint's case after Defendants file a response to his amended complaint.

Noticeably absent in Toussaint's request for counsel in this matter is any claim that, aside from his financial situation,

-4-

he suffers from any impediment that would impede his ability to represent himself in this matter. Toussaint's placement in the RHU, alone, does not demonstrate a substantial burden on his ability to proceed with his action. He, like many other RHU inmates, can conduct discovery, legal research and file pleadings from the RHU. At this early stage of the litigation, absent any demonstrated impairment on Plaintiff's ability to represent himself due to his RHU confinement, he does not warrant the appointment of counsel. As noted in our previous order, any concern Toussaint may have regarding his inexperience as a litigant is unnecessary as his pleadings are measured against the liberal construction of *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Thus, Toussaint's requests for counsel will be denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed by Toussaint.

Accordingly, this 27th day of February, 2006, it is ordered that Plaintiff's second and third motions for appointment of counsel (docs. 36 and 37) are denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
